IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GUILD MORTGAGE COMPANY, a California corporation, | 3:16-cv-02173-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| PATRICK WELBERG, an individual; SCOTT STARR, an individual; and ACADEMY MORTGAGE CORPORATION, a Utah corporation, | |
| Defendants. | |

**PAUL C. BERG**
**DANIEL C. PETERSON**
Cosgrave Vergeer Kester LLP
500 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204
(503) 323-9000

   Attorneys for Plaintiff

**AMY JOSEPH PEDERSEN**
**LAURA E. ROSENBAUM**
Stoel Rives LLP
760 S.W. Ninth Ave
Suite 3000
Portland, OR 97205
(503) 294-3380

1 - OPINION AND ORDER

**JOSEPH A. KROEGER**
Snell & Willmer LLP
One South Church Avenue
Suite 1500
Tucson, AZ 85701
(520) 882-1254

      Attorneys for Defendants.

**BROWN, Judge.**

This matter comes before the Court on the Motion (#15) to Compel Arbitration and, in the Alternative, Transfer Venue filed by Defendants Patrick Welberg, Scott Starr, and Academy Mortgage Corporation and Plaintiff Guild Mortgage Company's Motion (#30) for Preliminary Injunction. The Court is satisfied the record is sufficiently developed such that oral argument would not be helpful.

For the reasons that follow, the Court construes that part of Defendants' Motion (#15) titled Alternative Motion to Transfer Venue as a Motion to Dismiss without prejudice, **GRANTS** that Motion, and **DENIES as moot** that part of Defendants' Motion **(#15)** titled Motion to Compel Arbitration. The Court also **DENIES as moot** Plaintiff's Motion (#30) for Preliminary Injunction.

### BACKGROUND

The following facts are taken from Plaintiff's Complaint and the parties' materials filed in connection with the Motions and are undisputed unless otherwise indicated.

2 - OPINION AND ORDER

Plaintiff is a mortgage-banking company with its principal place of business in San Diego, California, and with branches located in Oregon and other states.

Defendants Welberg and Starr are former employees of Plaintiff. Welberg began working for Plaintiff in approximately April 2011 and eventually worked as a branch manager in Plaintiff's Lake Oswego, Oregon, office. On June 6, 2012, Welberg signed a Non-Producing Branch Manager Employment Agreement with Plaintiff. On October 30, 2014, Welberg signed an Employee Confidentiality and Non-Disclosure Agreement with Plaintiff.

Starr began working for Plaintiff on approximately June 23, 2011, and worked as a branch manager in Plaintiff's Wilsonville, Oregon, office. On June 23, 2011, Starr signed a Producing Branch Manager Employment Agreement[1] with Plaintiff. On July 15, 2015, Starr signed an Employee Confidentiality and Non-Disclosure Agreement[2] with Plaintiff.

On October 17, 2016, Plaintiff terminated Welberg's employment for performance reasons. Welberg immediately went to work for Academy. Academy is also a mortgage-banking company

---

[1] The relevant terms of the Employment Agreements are the same for Welberg and Starr, and the Court need not distinguish between the Agreements in its analysis.

[2] The terms of the Non-Disclosure Agreements are the same for Welberg and Starr, and the Court need not distinguish between the Agreements in its analysis.

with its principal place of business in Utah and branches located in Oregon. On November 7, 2016, Starr resigned from employment with Plaintiff and also went to work for Academy.

On November 15, 2016, Plaintiff filed its Complaint in this Court. Plaintiff alleges Defendants Welberg and Starr violated the terms of their Employment and Non-Disclosure Agreements by using Plaintiff's confidential information to solicit Plaintiff's employees to work for Academy. Plaintiff asserts claims against Defendants for injunctive relief, breach of contract, intentional interference with business relations, and misappropriation of trade secrets.

On November 23, 2016, Defendants filed a Motion to Compel Arbitration as to all of Plaintiff's claims. In the alternative, Defendants seek to transfer venue of this case to the United States District Court for the Southern District of California. On February 2, 2017, Plaintiff filed a Motion for Preliminary Injunction.

On March 30, 2017, in the course of its consideration of the pending Motions, the Court requested the parties to file a joint supplemental memorandum that clarified their positions as to the meaning of the forum-selection language in the Employment Agreements. On April 7, 2017, the parties filed a Joint Supplemental Statement (#125) providing their positions.

Because of the explicit forum-selection provisions in the

4 - OPINION AND ORDER

Employment Agreements that may govern the determination as to which court should resolve Defendants' Motion to Compel Arbitration and Plaintiff's Motion for Preliminary Injunction, the Court will first address Defendants' alternative Motion to Transfer Venue.

## **STANDARDS**

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which directs the Court to "weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interests of justice.'" *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013)(quoting 28 U.S.C. § 1404(a)). When, however, the parties' contract contains a valid forum-selection clause, the "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Atlantic Marine*, 134 S. Ct. at 581 *(*quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)). Accordingly, a valid forum-selection clause should be given "controlling weight in all but the most exceptional cases." *Atlantic Marine,* 134 S. Ct. at 581.

When a valid forum-selection clause applies, the Court's analysis under § 1404(a) is modified in three ways:

5 – OPINION AND ORDER

"First, the plaintiff's choice of forum merits no weight and the plaintiff bears the burden to establish that transfer to the forum for which the parties bargained is unwarranted"; second, the Court "should not consider arguments about the parties' private interests" because the parties "waive the right to challenge the preselected forum as inconvenient or less convenient"; and third, "the transfer of venue will not carry with it the original choice-of-law rules." *Id.*

## **DISCUSSION**

As noted, in their alternative Motion to Transfer Venue based on the terms of the Agreements, Defendants contend (1) all of Plaintiff's claims asserted against them are subject to arbitration; (2) in the alternative, the proper forum for resolution of these matters is the federal court in San Diego, California; and (3) Plaintiff has waived any right to a jury trial on its claims.

In response Plaintiff contends (1) its claims are exempt from arbitration pursuant to the terms of the Agreements; (2) its claims are not subject to the forum-selection clauses of the Employment Agreements and, therefore, are properly filed in this Court; and (3) even if the forum-selection clause is applicable, the proper forum would be a California state court in San Diego, California. The Court notes Plaintiff also concedes the Court

6 - OPINION AND ORDER

should strike Plaintiff's request for a jury trial.

**I.   Applicable Contract Provisions.**

The following contractual provisions are pertinent to Defendants' alternative Motion to Transfer Venue:

   **A.   Employment Agreements**

   Section 6.6 of the Employment Agreements provides:

> <u>Governing Law; Venue; Waiver of Jury Trial</u>.  To the maximum extent permitted under applicable law, this Agreement shall be governed by and construed in accordance with the substantive laws of Federal law and the laws of the State of California, without regard to provisions related to choice of law or forum.  Unless prohibited by applicable law, or otherwise agreed to by the Parties, the Parties expressly agree and consent that the courts of San Diego, State of California, shall have exclusive jurisdiction over all actions arising from, out of, or with respect to this Agreement.

   Section 6.18 of the Employment Agreements provides:

> Company and Employee recognize that in the event a dispute should arise between them concerning this Agreement or the employment relationship, litigation will not afford a practical resolution of the issues within a reasonable period of time and at a reasonable cost.  Consequently, with the exceptions noted below, each Party agrees that all disputes, disagreements and questions of interpretation concerning this Agreement, the entering into of this Agreement, the enforceability of this provision regarding arbitration of claims, the employment relationship . . . and any other claim relating to the employment relationship, shall be submitted for resolution to the American Arbitration Association (the "Association") for resolution by a single arbitrator, in accordance with the Association's then-current Rules for the Resolution of Employment Disputes ("Rules").  To the maximum extent permissible under applicable law, any and

> all hearing or other proceedings shall be held at a place in San Diego County, California that is mutually agreeable to the Parties. For purposes of this provision the following matters will not be subject to arbitration:
>
> (a) matters relating to enforcement of the provisions under <u>Article V</u>, which the Company may seek to enforce in any court of competent jurisdiction.

Emphasis in original.

Article V of the Employment Agreements relates to non-disclosure of "Confidential Materials," which includes but is not limited to Plaintiff's personnel names and contact information. Article V prohibits disclosure of "Confidential Materials" without Plaintiff's prior written consent. Section 5.3 of Article V provides Plaintiff may seek injunctive relief "in any court of competent jurisdiction" for violation of the nondisclosure agreement.

### B. Non-Disclosure Agreements

The Non-Disclosure Agreements provide the employee has or will have access to Plaintiff's "confidential, proprietary, and/or trade secret information" and that Plaintiff intends such materials to be kept confidential. "Confidential Information" is defined as "non-public information" and includes "lists of present and future clients[,] client contracts, all data obtained from or related to [Plaintiff's] clients," "personnel information," and "any other information that Employee receives" that has not been authorized by Plaintiff "for disclosure to the

8 - OPINION AND ORDER

general public."

Section 8.1 of the Non-Disclosure Agreements sets forth post-employment restrictions regarding nonsolicitation of employees:

> For a period of two years following the end, for whatever reason, of Employee's employment with Company, Employee shall not, directly or indirectly, induce or attempt to induce, any employee of the Company to end or diminish his/her relationship with the Company, or solicit or attempt to solicit any Company employee for outside employment. Employee shall also not provide any information about the Company's employees to any other persons for the purpose of assisting any third party to solicit the Company's employees for outside employment.

Section 11 of the Non-Disclosure Agreements provides the remedies available to Plaintiff for breach of the Non-Disclosure Agreements (including injunctive relief, liquidated damages, and attorneys' fees) and allows Plaintiff to obtain injunctive and other equitable relief "from a court" in addition to any liquidated or actual damages.

Section 15 provides the laws of California shall govern the Non-Disclosure Agreements, and Section 17 provides the Non-Disclosure Agreements are not employment contracts.

## II. Venue.

Defendants contend Plaintiff's claims are subject to the forum-selection clauses of the Employment Agreements. Defendants also contend estoppel renders the forum-selection clauses applicable to Plaintiff's claims against Defendant Academy even

9 - OPINION AND ORDER

though it is not a signatory to the Agreements.  Defendants further contend the federal court in San Diego, California, has exclusive jurisdiction over Plaintiff's claims under the forum-selection clauses of the Employment Agreements.

According to Plaintiff, however, its claims related to the alleged misuse of confidential information are not subject to the forum-selection clauses of the Employment Agreements because the Non-Disclosure Agreements do not have forum-selection clauses. Plaintiff also contends even if the forum-selection clauses of the Employment Agreements are applicable to the claims against Welberg and Starr, they do not apply to Plaintiff's claims asserted against Academy.  Finally, Plaintiff argues even if the forum-selection clauses of the Employment Agreements apply to Plaintiff's claims, the state court in San Diego, California, would have exclusive jurisdiction, and because there is not a procedural mechanism by which to transfer this action directly to a California state court in San Diego, this Court should construe Defendants' alternative venue motion as a motion to dismiss and dismiss the matter because it was commenced in the wrong forum.

> **A. The forum-selection clauses of the Employment Agreements apply to Plaintiff's claims against Defendants Welberg and Starr.**

Defendants contend the forum-selection clauses of the Employment Agreements apply to Plaintiff's claims on the ground that those claims arise out of Plaintiff's employment of Welberg

10 - OPINION AND ORDER

and Starr, and, therefore, the Employment Agreements and Non-Disclosure Agreements should be construed together. In particular, Defendants point out that the Non-Disclosure Agreements are titled "Exhibit B," which supports Defendants' contention that the Non-Disclosure Agreements were intended to be part of the Employment Agreements. According to Defendants, therefore, the forum-selection clauses apply even if Plaintiff's claims are based on the Non-Disclosure Agreements.

Plaintiff, in turn, contends the forum-selection clauses of the Employment Agreements do not apply to the Non-Disclosure Agreements because the latter are separate, distinct contracts that must be read and analyzed apart from the Employment Agreements.[3] Plaintiff points out that each document was signed at a different time, each document is described as an "Agreement," none of the documents expressly reference nor incorporate the others, and each document has a different remedy in the event of a breach. Plaintiff also argues the forum-selection clauses in Section 6.6 of the Employment Agreements are not applicable because the parties "otherwise agreed" that claims related to the confidentiality provisions of Article V of the Employment Agreements may be brought "in any court of competent

---

[3] Plaintiff asserts this argument primarily in response to Defendants' Motion to Compel Arbitration, but Plaintiff also incorporates the reasoning in its Response to the change-of-venue issue.

11 - OPINION AND ORDER

jurisdiction."

Section 6.6 of the Employment Agreements, as well as Section 15 of the Non-Disclosure Agreements, provide that the Agreements shall be interpreted and governed by the law of the state of California, without regard to provisions related to choice of law or forum.

Under California law documents that relate to the same subject matter and executed as part of the same transaction are construed as part of the same instrument. *Holguin v. DISH Network* LLC, 187 Cal. Rptr. 3rd 100, 111 (Cal. App. 2014). Moreover, California Civil Code § 1642 provides: "Several contracts relating to the same matters, between the same parties and made as parts of substantially one transaction are to be taken together." *See also Fillpoint, LLC v. Maas,* 146 Cal. Rptr. 3d 194, 200 (Ct. App. 2012)(employment agreement and purchase agreement must be construed together under California law).

Here although Welberg and Starr executed the Non-Disclosure Agreements sometime after signing the Employment Agreements, all of the Agreements set out and relate to the terms and conditions of their employment with Plaintiff, and, therefore, the Agreements are properly construed together under California law. Thus, although the language of Section 6.18 of the Employment Agreements exempts from arbitration a claim for disclosure of confidential information under Article V, Section

6.18 does not specifically exempt such a claim from the forum-selection clause in Section 6.6 of the Employment Agreements when construed under California law. Moreover, the designation of the Non-Disclosure Agreements as "Exhibit B" supports the conclusion that the parties intended the Agreements to be construed together. Thus, even though the Non-Disclosure Agreements do not specifically designate a forum for resolution of disputes, the forum-selection clauses of the Employment Agreements govern under California law.

On this record and for purposes of resolving Defendants' venue Motion, the Court concludes the forum-selection clauses of the Employment Agreements are controlling, and, therefore, all of Plaintiff's claims against Welberg and Starr must be litigated as specified in San Diego, California.

**B. For purposes of Defendants' venue Motion, the forum-selection clauses of the Employment Agreements also apply to Plaintiff's claims against Defendant Academy.**

Defendants contend the forum-selection clauses also apply to Plaintiff's claims asserted against Academy on the grounds that those claims arise out of the relationship between Academy and Welberg and Starr as Academy employees, and the claims are sufficiently intertwined to justify enforcing the provisions against a nonsignatory under either the doctrine of

alternative estoppel[4] or equitable estoppel.

Plaintiff, however, contends the forum-selection clauses are not applicable under either alternative or equitable estoppel because Academy is not a signatory to the Agreements; the relationships between Welberg, Starr, and Academy are not sufficiently close to require arbitration of Plaintiff's claims against Academy; and Plaintiff's claims asserted against Academy are not sufficiently intertwined with its claims against Welberg and Starr.

Plaintiff alleges claims against Academy, Welberg, and Starr for tortious inference with business relations and misappropriation of trade secrets.[5] Plaintiff contends each of these claims arises out of the alleged use of Plaintiff's confidential information by Welberg and Starr to solicit Plaintiff's employees to work for Academy and Academy "knowingly acted in concert with Welberg and Starr to solicit employees in violation of the Agreements." Compl. at ¶ 21.

The Court notes under California law arbitration provisions may be enforced against a nonsignatory when the nonsignatory is a third-party beneficiary of the agreement or

---

[4] Defendants rely on the Eighth Circuit case of *CD Partners, LLC v. Grizzle*, 424 F.3d 795 (8th Cir. 2005), to support their theory of "alternative estoppel." Although instructive, the case is not controlling.

[5] Plaintiff alleges claims for breach of contract against Welberg and Starr only.

14 - OPINION AND ORDER

when a nonsignatory and one of the parties to the agreement have a pre-existing agency relationship that makes it equitable to impose the duty to arbitrate on either of them.  See *Nguyen v. Tran*, 157 Cal. App. 4th 1032, 1036-37 (2007).  In *Turner v. Thorworks Industries, Inc.*, the California court held nonsignatory defendants could enforce a forum-selection clause against the signatory plaintiff under the theory of equitable estoppel.  No. CIVS05-02653, 2006 WL 829142, at *3 (E.D. Cal. March 28, 2006)(citing *Comer v. Micor*, 436 F.3d 1098, 1101 (9th Cir. 2006)).

As noted, Plaintiff's claims against Academy are based on the alleged violations of the Agreements between Plaintiff and Defendants Welberg and Starr that occurred in part after Welberg and Starr left Plaintiff's employment to work for Academy. Plaintiff does not allege in its Complaint that Academy's actions were independent from the actions of Welberg and Starr.  In fact, Plaintiff appears to seek to hold Academy liable based solely on the actions and conduct of Welberg and Starr as its employees. Plaintiff's claims against Academy, therefore, are "inextricably intertwined" with the alleged misuse of Plaintiff's confidential information and the alleged improper solicitation by Welberg and Starr of Plaintiff's employees to work for Academy in violation of the Employment and Non-Disclosure Agreements.

On this record as to Defendants' venue Motion, the

15 - OPINION AND ORDER

Court finds Plaintiff's claims against Academy are inextricably intertwined with the conduct of Defendants Welberg and Starr after they became employees of Academy. Accordingly, the Court concludes the forum-selection clauses of the Employment Agreements are applicable to Plaintiff's claims asserted against Academy, and those claims, therefore, must be litigated as specified in San Diego, California.

In summary, the Court concludes the forum-selection clauses of the Employment Agreements apply to all of the claims Plaintiff brings against Defendants, and, therefore, the proper forum for this dispute is in the "courts of San Diego, California."

**C. Under the forum-selection clauses of the Employment Agreements, "exclusive jurisdiction" over Plaintiff's claims rests in a California state court in San Diego, California.**

As noted, the Court has concluded the forum-selection clauses of the Employment Agreements apply to all claims that Plaintiff asserts in this action and that these forum-selection clauses specifically designate the "courts of San Diego, California" as having "exclusive jurisdiction" over these claims. As noted, the parties filed a Joint Supplemental Statement setting out their positions as to the meaning of the forum-selection language in the Employment Agreements.

In the Joint Supplemental Statement Defendants contend the language of the forum-selection clauses is ambiguous and, therefore, should be construed against Plaintiff as the drafter

16 - OPINION AND ORDER

and interpreted to include both the federal and state courts in San Diego, California. If the forum-selection clauses are construed as ambiguous, Defendants assert this matter should be transferred to the United States District Court for the Southern District of California in San Diego.

According to Plaintiff, however, even if the forum-selection clauses apply to its claims, the language designates courts "of San Diego, California," as having exclusive jurisdiction, and applicable precedent holds such language specifies only a state-court forum.

In *Doe 1 v. AOL LLC* the Ninth Circuit held when a forum-selection clause designates the courts "of" a particular state as having exclusive jurisdiction, the clause refers to the state courts and does not include federal courts. 552 F.3d 1077, 1081-82 (9th Cir. 2009). On the other hand, the court noted a forum-selection clause referring to courts "in" a state imposes a geographic limitation rather than a limitation as to sovereignty. *Id.* at 1082 n.8. The Ninth Circuit also held the fact that the parties dispute the meaning of contract language does not necessarily render the contract ambiguous. *Id.* In *Simonoff v. Expedia, Inc.,* the Ninth Circuit also held a forum-selection clause that provided there was exclusive jurisdiction in "the courts *in* King County" contemplated federal as well as state courts as the proper courts for adjudication of the claims

17 - OPINION AND ORDER

asserted in that case. 643 F.3d 1202, 1206 (9th Cir. 2011)(emphasis in original). Here, in contrast, the forum-selection clauses of the Employment Agreements designate exclusive jurisdiction over Plaintiff's claims to the courts "of" San Diego, California; in other words, to the state court in San Diego, California, and not a federal court situated in San Diego.

Having concluded the forum-selection clauses in the Employment Agreements apply to the Non-Disclosure Agreements and to all of Plaintiff's claims against all Defendants and that the forum-selection clauses designate exclusive jurisdiction over Plaintiff's claims arising from the Agreements to the state court in San Diego, California, the Court next addresses what action it should take on the pending Motions to give effect to the controlling forum-selection clauses.

This Court is not aware of any authority that would permit it to grant Defendants' alternative Motion to Transfer Venue by directly transferring this case to a state court in San Diego, California. Thus, the Court concludes the proper action in response to Defendants' alternative Motion to Transfer Venue is to dismiss this action without prejudice in order to permit the parties to litigate all of their disputes in the California state forum they selected and as to which Academy is bound for the reasons stated. Accordingly, the Court construes the alternative Motion to Transfer Venue as a Motion to Dismiss

18 - OPINION AND ORDER

without prejudice, which the Court now grants.

The Court emphasizes its analysis in this matter focuses solely on the application of the forum-selection clauses and does not reach the merits of the disputes as to arbitration or other jurisdictional matters. The Court will defer entering a Judgment of Dismissal for 30 days to give the parties an opportunity to file this matter in the proper California state forum of San Diego, California, should a party choose to do so.

## CONCLUSION

For these reasons, the Court construes that part of Defendants' Motion (#15) titled Alternative Motion to Transfer Venue as a Motion to Dismiss without prejudice, **GRANTS** that part of Defendants' Motion, and **DENIES as moot** that part of Defendants' Motion (#15) titled Motion to Compel Arbitration. The Court also **DENIES as moot** Plaintiff's Motion (#30) for Preliminary Injunction. Accordingly, the Court **DISMISSES** this matter without prejudice.

As noted, the Court will enter a Judgment of Dismissal without prejudice in 30 days.

IT IS SO ORDERED.

DATED this 14th day of April, 2017.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge